NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSE O. AKINFADERIN-ABUA, | Civil Action No.: 13-cv-3451 (CCC) |
| Plaintiff, | |
| v. | OPINION |
| VINCENT DIMAIOLO, JR., FEIN, SUCH, KHAN AND SHEPARD, P.C., BAYVIEW LOAN SERVICING, LLC, | |
| Defendants. | |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on Defendants Vincent DiMaiolo, Jr. ("DiMaiolo"), and Fein, Such, Kahn and Shepard, P.C.'s ("Fein") Motion to Dismiss pro se Plaintiff Rose Akinfaderin-Abua's ("Plaintiff") Complaint, and Defendant Bayview Loan Servicing, LLC's ("Bayview") Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for Summary Judgment. (Doc. 5; Doc. 17.) The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard.[1] Based on the reasons that follow, Defendants' motions to dismiss are granted without prejudice. Plaintiff is granted thirty (30) days in which to file an Amended

---

[1] The Court considers any new arguments not presented by the parties in their papers to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

Complaint that cures the pleading deficiencies discussed below.

## II. BACKGROUND

Plaintiff commenced this action by filing a Complaint on June 4, 2013 against Defendants alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Pl.'s Compl.) On July 1, 2012, Defendants DiMaiolo and Fein filed a motion to dismiss. (Doc. 5.) On July 19, 2013, Plaintiff opposed the motion. (Doc. 18.) On July 29, 2013, Defendants DiMaiolo and Fein filed a reply brief. (Doc. 11.) On October 17, 2013, Defendant Bayview filed a separate motion to dismiss, or in the alternative, for summary judgment. (Doc. 17.)

In the Complaint, Plaintiff alleges that Defendants violated 15 U.S.C. § 1692(g), 15 U.S.C. § 1692(e), and 15 U.S.C. § 1692(f) of the FDCPA. The facts asserted in the Complaint are sparse. The Complaint generally alleges that Plaintiff is a "consumer" and Defendants are "debt collectors" attempting to collect a "debt" within the meaning of the FDCPA. (Pl.'s Compl. 2.) The Complaint asserts that on or about June 23, 2012 Defendants engaged in collection activity in violation of the FDCPA. (Pl.'s Compl. 1-2.)

## III. LEGAL STANDARD

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. City of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations

must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). If a claim is dismissed pursuant to Rule 12(b)(6), the plaintiff may be granted leave to amend or reassert the claim. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

A pro se litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). A pro se complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520-21).

## IV. **DISCUSSION**

Plaintiff alleges that Defendants violated the FDCPA by (1) engaging in collection activity without explaining her due process rights, (2) making false and misleading representations in connection with the collection of an alleged debt, and (3) threatening to interfere with her business interests. (Pl.'s Compl. 1-2.)

In both motions to dismiss, Defendants argue that the Complaint should be dismissed because Plaintiff has failed to allege sufficient facts to support her claims in violation of Fed. R. Civ. P. 12(b)(6) and 8.[2] (Doc. 5, 3-5; Doc. 17, 8-11.) Citing Staub v. Harris, 626 F.2d 275, 273 (3d Cir. 1980), the Defendants also argue that Plaintiff is not entitled to relief because the debt at issue is not covered by the FDCPA because it was for an investment property.[3] (Doc. 5, 7-8; Doc. 17, 11-15.) Plaintiff argues in opposition that she has sufficiently pled her FDCPA claims, citing little support. (Doc. 18.) Defendant Bayview additionally argues that it is not a debt collector under the FDCPA. (Doc. 17, 8.)

The FDCPA prohibits the use of abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692. To bring a claim under the FDCPA, plaintiff must show that 1) defendant is a debt collector, and 2) defendant debt collector engaged in prohibited practices to collect a debt. Slimm v. Bank of Am. Corp., No. 12–5846, 2013 WL 1867035, at *4 (D.N.J. May 2, 2013). Under the FDCPA, a "debt collector" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

---

[2] Defendants DiMaiolo and Fein also argue that the Court should dismiss the action pursuant to the "Entire Controversy" doctrine. (Doc. 5, 9.) Because the Court grants Defendants' motion based on the reasons set forth above, it need not reach that issue at this time. Defendants may renew their arguments in response to Plaintiff's amended pleading, to the extent one is filed.

[3] In support of Defendants' motions, Defendants include the following documents: (1) a Uniform Residential Loan Application describing Plaintiff's property as an "Investment," (2) a Non-Applicability of Truth In-Lending form stating that Plaintiff's loan was "not for personal, family, household, or agricultural use," and only for "business or commercial purposes or business or commercially related purposes," and (3) Plaintiff's Affidavit of Property Use stating that the property will be used as investment property. (Doc. 5, Ex. A; Doc. 17, Ex. E.) These documents are beyond the scope of the pleadings and will not be considered by the Court in deciding Defendants' motions to dismiss. The Court declines to convert Defendant Bayview's motion to dismiss into a motion for summary judgment.

due or asserted to be owed or due another." 15 U.S.C.A. § 1692a. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services *which are the subject of the transaction are primarily for personal, family, or household purposes*, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added).

Many courts have founds that the FDCPA does not apply to debts associated with investment properties because the debt was not incurred for *"personal, family, or household purposes."* Id.; see Staub v. Harris, 626 F.2d 275, 273 (3d Cir. 1980); Klahn v. Clackamas Cnty. Bank, No. 3:13-CV-621, 2013 WL 3834709, at *4 (D. Or. July 24, 2013) (finding that "a debt associated with rental properties or for investment purposes is not considered a consumer debt under the FDCPA"); Affinity Fed. Credit Union v. Allstar Contracting, LLC, No. 11-2423, 2011 WL 6020588, at *2 (D.N.J. Dec. 1, 2011) (finding "the FDCPA is inapplicable to the collection of commercial debts"); Petsche v. EMC Mortg. Corp., 830 F. Supp. 2d 663, 673 (D. Minn. 2011) (finding debt at issue "falls outside of the FDCPA" because it "relates to a mortgage taken out on an investment property"); Herschelman v. New Century Mortg. Corp., No. 0-00461, 2010 WL 4448224, at *4-5 (D. Haw. Oct. 29, 2010) (finding that FDCPA does not apply to the property Plaintiff owns and rents out to tenants); Martin v. Berke & Spielfogel, No. 95-0005, 1995 WL 214453, at *4 (E.D. Pa. 1995) (finding that FDCPA does not apply to commercial debt).

Plaintiff's conclusory allegations that Defendants violated the FDCPA are insufficient to plead a valid FDCPA claim. Plaintiff has failed to allege that Defendants are debt collectors under the FDCPA or that her debt even falls within the FDCPA.

While a full consideration of whether Plaintiff's debt relates to "personal, family, or household purposes" is outside the scope of the pleadings, Plaintiff has not met her burden under

5

Fed. R. Civ. P. 12(b)(6). Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to plead with sufficient specificity.

## V. <u>CONCLUSION</u>

Based on the reasons set forth above, Defendants' Motions to Dismiss are granted. To the extent the deficiencies in Plaintiff's claims can be cured by way of amendment, Plaintiff is granted thirty (30) days to reinstate this matter and file an Amended Complaint for purposes of amending such claims.

An appropriate Order accompanies this Opinion.

DATED: January 29, 2014

_____
CLAIRE C. CECCHI, U.S.D.J.